IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BRADLEY K. STEVENS,<br><br>Petitioner,<br><br>vs.<br><br>GEORGE SKULETICH, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-53-BU-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On August 10, 2017, Petitioner Bradley K. Stevens, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Stevens is a state prisoner proceeding pro se.

On August 16, 2017, Stevens was ordered to show cause explaining what steps he had taken to exhaust his claims in the state court system. (Doc. 2). Stevens timely filed his response. (Doc. 3). Based upon concerns pertaining to Stevens' state court proceedings, particularly the potential for a due process violation, the State was ordered to file an Answer. (Doc 6). The State filed its Answer, accompanied by various documents from the state court record.

Reviewing the Answer and additional information provided by the Respondent, it is apparent Stevens' petition should be dismissed without prejudice for failure to exhaust.

1

## I. 28 U.S.C. § 2254 Petition

Stevens was originally charged with Burglary in Montana's Second Judicial District, Butte Silverbow County. *See e.g.,* Doc. 9-2 at 1. The charge was subsequently amended to one count of Felony Theft. *Id.*; *see also* (Doc. 9-3). Stevens entered a guilty plea to this amended charge on March 16, 2016. *Id.*; (Doc. 9 at 5, ☐9). On September 21, 2017, Stevens was sentenced to three years at Montana State Prison, to run consecutively to DC-02-04.[1] Stevens was given credit for time served in the amount of six hundred and sixteen (616) days. (Doc. 9-7). It is unclear whether or not Stevens will seek to challenge the sentence he received on direct appeal to the Montana Supreme Court, or seek some other form of collateral review.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies

---

[1] This was a prior sentence Mr. Stevens had received out of Lake County, Montana, for criminal production or manufacture of dangerous drugs. The Lake County sentence was ordered to run consecutively to a prior conviction out of Sanders County, Montana, for attempted felony theft. (Doc. 9 at 3, ☐5).

available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

A review of Stevens' petition and the corresponding state court records reveals that although Stevens has now been sentenced, any direct appeal and/or collateral review proceedings he may undertake would be in their initial stages. This Court cannot relieve Stevens of the burden of first presenting his federal claims to the state courts. Because there are still state remedies available to Stevens, he has not yet exhausted his claims. Consequently, this Court cannot review them. See, *Rose v. Lundy*, 455 U.S. 509 (1982).

Dismissal is without prejudice and Stevens may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.[2]

---

[2] Although the Court declines to address the merits of Stevens' claim, because he has now been sentenced, the claim, as originally pled, may now be moot. See, *Mujahid v. Daniels*, 413 F. 3d 991, 994 (9th Cir. 2005)("Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot.")(citing *Spencer v. Kemna*, 523

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Stevens has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court at this time. A certificate of appealability should be denied.

---

U.S. 1, 7 (1998)).

Based on the foregoing, the Court makes the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Stevens may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Stevens must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 26th day of September, 2017.

> */s/ Jeremiah C. Lynch*
> Jeremiah C. Lynch
> United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Stevens is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.