# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BRADLEY K. STEVENS,<br><br>            Petitioner,<br><br>vs.<br><br>GEORGE SKULETICH, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>            Respondents. | CV-17-53-BU-BMM<br><br>**ORDER** |

Petitioner Bradley Stevens (Stevens) has filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Stevens is a state prisoner proceeding *pro* se.

Stevens pleaded guilty to felony theft in Montana's Second Judicial District Court, Silver Bow County on May 16, 2016. The state court sentenced Stevens on September 21, 2017, to three years in the Montana State Prison. The sentence was to run consecutive to the sentence that Stevens had received in the Montana Twentieth Judicial District Court, Lake County in Cause DC-02-04. The state court gave Stevens credit for time served in the amount of 616 days. (Doc. 9-7). Stevens

alleges that his lengthy pre-sentence incarceration violated his constitutional rights. (Doc. 1 at 5).

Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on September 26, 2017. (Doc. 12). Judge Lynch recommended that Stevens's petition be dismissed without prejudice because Stevens had not yet exhausted his state court remedies. (Doc. 12 at 5). Stevens filed a timely objection. (Doc. 13). The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Court has reviewed Judge Lynch's Findings and Recommendations *de novo*. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

Given that Stevens was sentenced on September 21, 2017, any direct appeal or collateral review proceeding Stevens may undertake in state court, would be in their initial stages. Stevens first must present his federal claims to the state courts. This Court cannot review Stevens's petition until he has exhausted his state court remedies. *See Rose v. Lundy*, 455 U.S. 509, 518-522 (1982).

Accordingly, IT IS ORDERED:

1. Stevens's petition (Doc. 1) is DISMISSED without prejudice for failure to exhaust state court remedies.

2. A certificate of appealability is DENIED. Stevens has made no

substantial showing that he was deprived of a constitutional right. Reasonable jurists would agree that Stevens has failed to exhaust his state court remedies.

3. The Clerk is directed to enter judgment accordingly.

DATED this 17th day of October, 2017.

/s/ Brian Morris
Brian Morris
United States District Court Judge